**MILLER MARINE SERVICES, INC., Plaintiff–Appellant,**

v.

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, Atlantic Mutual Insurance Company, Centennial Insurance Company, and Zurich Insurance Company, Defendants–Appellees.**

No. 05–6384–cv.

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

George M. Chalos, Fowler, Rodriguez & Chalos LLP, Port Washington, NY, for Plaintiff–Appellant.

James W. Carbin, Sanjay P. Ibrahim, Duane Morris LLP, Newark, NJ, for Defendants–Appellees.

Present: RICHARD J. CARDAMONE, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Miller Marine Services, Inc. ("Miller Marine") appeals from a decision of the district court granting defendants' summary judgment motion and denying its cross-motion for summary judgment on plaintiff's claim that the

sinking of its vessel is covered under its insurance policy. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

■ On appeal, Miller Marine accepts the district court's conclusion that plaintiff's policy is a "named peril" insurance policy and that as such, it bears the burden of proving that the cause of the sinking was a "named peril" under the policy. Miller Marine claims that the district court erred in finding that no genuine issues of material fact existed concerning the vessel's sinking. We disagree because the only evidence proffered by plaintiff with respect to this issue were affidavits of its principal James Miller and expert Peter Mello. Both affidavits are either inadmissible or irrelevant. Indeed, Miller's affidavit expressed only his "belief and conclusion" that the sinking resulted from crewmember negligence and is not based on personal knowledge as required by the Federal Rules. *See* Fed.R.Civ.P. 56(e) (affidavits opposing summary judgment must be "made on personal knowledge, set[ting] forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein"). Additionally, although an expert's opinion need not be based on personal knowledge, *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), nor "detail all the facts and data underlying [it] in order to present that opinion," *B.F. Goodrich v. Betkoski,* 99 F.3d 505, 525 (2d Cir.1996), Mello's submission not only makes an improper legal conclusion that the cause of the accident is a "covered occurrence" under the policy, *DiBella v. Hopkins,* 403 F.3d 102, 121 (2d Cir.2005) (upholding district court's determination of inadmissibility in part because expert's opinion "drew a legal conclusion"), but also presents no expert testimony relevant to the cause of the vessel's sinking. *Daubert,* 509 U.S. at 591, 113 S.Ct. 2786. The district court did not make "manifest error" in not examining the conclusory legal and factual statements in the Miller and Mello affidavits, *Raskin v. Wyatt Co.,* 125 F.3d 55, 65–66 (2d Cir.1997),[1] and because "[g]enuine issues of fact are not created by conclusory allegations," summary judgment in favor of defendants was appropriate because "after drawing all reasonable inferences in favor of [Miller Marine], no reasonable trier of fact could find in favor of that party." *Heublein, Inc. v. United States,* 996 F.2d 1455, 1461 (2d Cir.1993).

■ Miller Marine also argues that the district court's analysis was tainted by improper reliance on the New Haven Police report ("Police Report") and the U.S. Coast Guard Marine Casualty Report. Even assuming that both Reports are not admissible,[2] the district court mentions them only in passing, and its holding does not rely, and need not rely, on them be-

---

1. To the extent that there were portions of either affidavit that contained admissible evidence, none created a material issue of fact.

2. "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not."

*Parsons v. Honeywell, Inc.,* 929 F.2d 901, 907 (2d Cir.1991) (internal quotation marks, italicization, and citation omitted). While some (but not all) portions of the Police Report may reflect admissible evidence and could have been considered, a review of the record reveals that the admissible portions do not create any genuine issues of material fact.

cause the court, in applying the proper standard, found plaintiff "unable to raise a genuine issue of material fact on the issue whether the Vessel sank because of a peril of the sea." *Miller Marine Servs., Inc.v. Travelers Prop. Cas. Ins. Co.,* No. 04 Civ. 5679, 2005 WL 2334385, at *8 (E.D.N.Y. Sept.23, 2005).[3]

■ Because Miller Marine failed to carry its burden in opposing defendant's motion, the court did not err in denying plaintiff's cross-motion for summary judgment. Finally, Miller Marine's failure to submit an affidavit pursuant to Rule 56(f) defeats its claim that the court below improperly granted summary judgment without allowing plaintiff to conduct discovery to which it now claims it was entitled. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir.1985) ("[T]he failure to file such an affidavit under Rule 56(f) is by itself enough to reject a claim that the opportunity for discovery was inadequate.").

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**3.** Miller Marine argues that the district court applied the wrong legal standard by quoting *Allen N. Spooner & Son, Inc. v. Conn. Fire Ins. Co.,* 314 F.2d 753, 756 (2d Cir.1963). It is clear from the court's decision, however, that it applied the correct standard and determined that Miller Marine was unable to satis-

fy its burden of demonstrating that the cause of the sinking was a named peril. *Miller Marine Servs.,* 2005 WL 2334385, at *5–*8; *see Northwestern Mut. Life Ins. Co. v. Linard,* 498 F.2d 556, 561 (2d Cir.1974) (insured bears burden in "named peril" policy to prove the "loss arose from a covered peril").